[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 21, 1994, the plaintiff, Miracle Gear Technology, Inc., filed a one count complaint against the defendant, Earle M. Jorgensen Company d/b/a Jorgensen Steel 
Aluminum for breach of contract involving a sale of goods. The plaintiff alleges that four shipments of steel ordered from the defendant did not meet the required specifications and the plaintiff rejected and/or revoked acceptance of delivery. The plaintiff seeks the cost to cover and additional labor costs resulting from the nonconformity.
On March 18, 1994, the defendant filed a motion to dismiss on the ground that it never had any business dealings with Miracle Gear Technology, Inc., although it had dealt with Miracle Industries, Inc. at the same location as the plaintiff. The defendant filed a supporting memorandum of law.
On March 24, 1994, the plaintiff filed an opposing memorandum of law. In addition, the plaintiff submits the affidavit of John Chabot, president of Miracle Gear Technology, Inc. Chabot avers that the named plaintiff placed an order with the defendant over a fax machine. Chabot states that on August 16, 1993, the plaintiff directed the defendant to ship the steel Miracle Gear Technology and not to Miracle Industries, Inc. The plaintiff attaches a fax cover sheet dated August 9, 1993 from Phyllis Fennelly of Miracle Gear Technology, Inc. to Jim at Jorgensen Steel regarding the specifications required. The plaintiff also attaches a fax cover sheet dated August 16, 1993 from Phyllis of Miracle Industries, Inc. to Jim of Jorgensen Steel Aluminum stating:
 Per our telephone conversation of this date, please find attached certificate of test sheets. We would CT Page 6639 like to have the name changed from Miracle Industries, Inc. to Miracle Gear Technology. This name should be on all cert. sheets.
Copies of the fax sheets were introduced as plaintiff's exhibits at oral argument. The defendant introduced four delivery invoices from Jorgensen Steel Aluminum that state that the steel was sold to and shipped to Miracle Industries, Inc. The invoices are dated August 10, 1993, August 12, 1993, August 13, 1993, and August 19, 1993. The defendant also introduced a certificate of test from Jorgensen Steel and Aluminum that states the steel was sold to and shipped to Miracle Industries, Inc. In addition, the defendant introduced a fax cover sheet on Miracle Industries, Inc. letterhead dated September 1, 1993, from Phyllis Fennelly to Jim at Jorgensen Steel Aluminum stating:
 Please be aware. Let this serve as notice. We ordered steel from Jorgensen Steel. Specification sheet was faxed to you to comply with steel. It does not comply with the specification sheet. All steel is being returned to you. We have hundreds of parts in process and completed that are no good. Cancel P.O. #6766 of 8/31/93. Invoice numbers related to the above are as follows: 238903, 239100, 006758.
Whether this plaintiff and defendant had a contract is an issue of fact to be determine at trial. Whether this plaintiff had a contract with the defendant is not an issue of standing. Consequently, the defendant has not challenged the subject matter jurisdiction of this court, and the motion to dismiss is denied.
SYLVESTER, J. CT Page 6640